In appellant's motion for rehearing he points out that the court was in error in stating in the original opinion that the affidavits with reference to the explanation of the court appended to his bills of exception were filed for the first time in this court. We note that we were technically incorrect in making that statement. However, whether they were filed in the court below after the expiration of the term of court, and after the twenty days allowed to file bills of exception, or filed in this court, is immaterial. The affidavits were in fact filed in the court below, but filed after the term, and after the twenty days allowed for filing bills of exception. So far as the question is concerned they had as well have been filed in this court. We adhere to the views expressed in the original opinion upon this point. Appellant does not show in his affidavits what qualifications the court made to the bills of exception, or that the same were material in character. Moreover, sufficient diligence was not shown by appellant in following up his bills of exception and having the court file them in ample time so that he might have procured bills from the bystanders. For a discussion of this question see Ance Moore v. State, decided at the present term.
Appellant asks us to review the action of the court as to the testimony of Robert Goodfellow. We said in the original opinion that the bill did not show that the sheriff Goodfellow used any coercive or persuasive measures to obtain any confession of appellant; and we further stated that the confession claimed to have been made was not stated in the bill. It is insisted we were in error in so holding. We refer to the bill itself in order to bear out what we stated on the subject. It is shown in the bill that the sheriff stated he warned appellant for the purpose of questioning him and picking out of him some evidence for the State; but it does not show that in fact he did, by undue means or improper questions, pick out any testimony from the defendant. Again, it is shown in the bill that appellant stated he procured the alleged forged instrument from one Griffiths. The bill does not show in connection with other testimony that this was incriminative of appellant in the alleged forgery or passing of the alleged forged instrument. Of course, there might be circumstances which would make this apparently exculpatory statement, inculpatory in fact. But this should have been stated in the bill. If we were permitted to recur to the statement of facts to help out the bill, we would see that the witness Goodfellow did state that appellant admitted to him that he passed the alleged forged instrument on the prosecutor. But the bill does not contain this fact. We cannot look to the statement of facts to help out the bill. We do not deem it necessary to discuss other questions, as they were thoroughly reviewed in the original opinion. The motion for rehearing is accordingly overruled. Overruled.
Brooks, Judge, absent. *Page 433